IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELVINE COTTINGHAM,

        Plaintiff,                    No. 2:12-cv-1002 KJN P

   vs.

DR. NANGALAMA,

        Defendant.               ORDER

_____/

       Plaintiff, a state prisoner proceeding without counsel or "pro se," has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out.  Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Therefore, plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

       Plaintiff also requests appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

1

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  "A motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances."  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (citation omitted).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances"); accord Alvarez v. Jacquez, 415 Fed. Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 2011 WL 5854097, *1 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, plaintiff's motion is premature.  The court has not determined whether plaintiff's complaint states a cognizable civil rights violation, and defendants have not been ordered served.  Accordingly, the court does not find the required exceptional circumstances, and plaintiff's motion for the appointment of counsel is denied without prejudice.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission and submit the following documents to the court:

    a. A complete Application to Proceed In Forma Pauperis By a Prisoner; and

    b. a certified copy of plaintiff's prison trust account statement for the six month period immediately preceding the filing of the complaint.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff's failure to comply with this order may result in the dismissal of this action without prejudice.

4. Plaintiff's April 16, 2012, request for the appointment of counsel (dkt. no. 3) is denied without prejudice.

DATED: April 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cott1002.3c+

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELVINE COTTINGHAM,

      Plaintiff,                          No. 2:12-cv-1002 KJN P

    vs.

DR. NANGALAMA,                      NOTICE OF SUBMISSION

      Defendant.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

          _____      Complete Application to Proceed In Forma Pauperis By a Prisoner/Certified Copy of Prison Trust Account Statement

DATED:

                                                   Plaintiff