IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELVINE COTTINGHAM,

       Plaintiff,                    No. 2:12-cv-1002 KJN P

      vs.

DR. NANGALAMA,

       Defendant.              ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

1  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to
2  make monthly payments of twenty percent of the preceding month's income credited to
3  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to
4  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing
5  fee is paid in full.  28 U.S.C. § 1915(b)(2).

6         The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.
11 28 U.S.C. § 1915A(b)(1),(2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
19 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
20 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
21 1227.

22         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
23 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
26 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed

1  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
2  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.
3  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where
4  there is no evidence of personal participation).  Vague and conclusory allegations concerning the
5  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board
6  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of
7  personal participation is insufficient).

8        Plaintiff claims he had his first seizure in 2004, his second seizure in April of
9  2009, and the seizure at issue here on August 4, 2009.  Plaintiff alleges that defendant Dr.
10 Nangalama was deliberately indifferent to plaintiff's history of seizures by not providing plaintiff
11 a lower bunk chrono prior to plaintiff's fall from his upper bunk on August 4, 2009.  However, it
12 appears plaintiff seeks to hold defendant liable based solely on his failure to review plaintiff's
13 medical records.  Plaintiff claims that defendant "acted with deliberate indifference when he
14 failed to provide plaintiff with [a] lower bunk chrono when it was obvious that plaintiff was
15 having seizures if [defendant] would have referred to plaintiff's medical file."  (Dkt. No. 1 at 5.)
16 Plaintiff claims he presented to medical staff in B-Facility earlier in the day on August 4, 2009,
17 but he does not state that he was seen by defendant.  Plaintiff claims he was not prescribed anti-
18 seizure medication until after the August 4, 2009 incident.  But it is unclear whether plaintiff was
19 prescribed anti-seizure medication or held a lower bunk chrono before he was transferred to
20 CSP-Sacramento.  Plaintiff states that "upon reception at CSP-Sacramento," he informed
21 "medical that he has seizures" (dkt. no. 1 at 14), but there are no allegations connecting
22 defendant to that information.  Plaintiff states he "informed medical of his need for a bottom
23 bunk chrono on many occasions to no avail."  (Id.)  But it is unclear whether defendant was
24 aware of these requests.

25       The Eighth Amendment proscribes cruel and unusual punishment.  Inadequate
26 medical care may constitute cruel and unusual punishment cognizable under Section 1983 only if

the care demonstrated "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To establish deliberate indifference, a plaintiff must show that the defendant knew of and disregarded an excessive risk to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A defendant may be deliberately indifferent if he purposefully ignores or fails to respond to a prisoner's pain or possible medical need. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. Id. at 1059–60. A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06.

Plaintiff's allegations make it difficult to determine whether defendant acted with deliberate indifference or was, at most, merely negligent in failing to review medical records. Moreover, it is unclear whether plaintiff's prior medical history reflected that plaintiff suffered from a seizure condition on the basis of two seizures suffered over a five year period. Rather, it appears that plaintiff suffered two seizures in 2009 and, in response, plaintiff was placed on Dilantin and eventually given a lower bunk chrono while incarcerated at CSP-Sacramento. Plaintiff is given leave to amend should he be able to plead facts demonstrating that defendant acted with a culpable state of mind. However, if defendant Nangalama was unaware that plaintiff suffered seizures in 2004 and 2009, or if defendant was of the medical opinion that two seizures sustained over a five year period does not warrant a diagnosis of seizure condition, plaintiff may not state a cognizable civil rights claim based on a theory of deliberate indifference. Mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

1      Accordingly, the court finds the allegations in plaintiff's complaint so vague and
2 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
3 claim for relief.  The court has determined that the complaint does not contain a short and plain
4 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
5 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
6 succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
7 allege with at least some degree of particularity overt acts which defendants engaged in that
8 support plaintiffs claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed.
9 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
10 an amended complaint.

11      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
12 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
13 <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms
14 how each named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983
15 unless there is some affirmative link or connection between a defendant's actions and the
16 claimed deprivation.  <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>,
17 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
18 participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,
19 268 (9th Cir. 1982).

20      In addition, plaintiff is hereby informed that the court cannot refer to a prior
21 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
22 an amended complaint be complete in itself without reference to any prior pleading.  This
23 requirement exists because, as a general rule, an amended complaint supersedes the original
24 complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
25 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
26 amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cott1002.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELVINE COTTINGHAM,

    Plaintiff,                    No. 2:12-cv-1002 KJN P

    vs.

DR. NANGALAMA,                  <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

                                    _____
                                    Plaintiff